Filed 2/1/23  P. v. Mitchell CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JAMES RAY MITCHELL,<br><br>  Defendant and Appellant. | B316173<br><br>Los Angeles County<br>Super. Ct. Nos.<br>MA077145,<br>MA081739 |

APPEALS from judgments of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

In October 2019, defendant and appellant James Ray Mitchell pleaded to a drug charge, and admitted a prior strike, for probation and drug court. Mitchell did not complete his drug program or report to his probation officer. In July 2021, officers arrested him for felony evading and driving under the influence. Mitchell entered into an agreement with the People to resolve both his new case and his probation violation. Mitchell now appeals from his sentences in both of those cases, contending remand is necessary in light of Senate Bill No. 567 (2020-2021 Reg. Sess.) (Senate Bill 567) and Assembly Bill No. 124 (2021-2011 Reg. Sess.) (Assembly Bill 124). We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

1. ***The trial court proceedings***

In September 2019, the People charged Mitchell with the sale, offer to sell, or transportation of a controlled substance (methamphetamine). The People alleged Mitchell had a prior strike for kidnapping. (Case No. MA077145.) On October 2, 2019, Mitchell entered into a plea deal with the prosecution. He pleaded no contest to the charge and admitted the prior strike for drug court. Under the deal, if Mitchell successfully completed his program, the court would strike the strike. If he didn't, the plea and admission would stand and the court could sentence Mitchell to up to eight years.

In accordance with the plea agreement, on December 5, 2019, the court ordered Mitchell to enroll in an intensive outpatient program at the Tarzana Treatment Center, to remain in the program, and to report to court in person if he left the program for any reason. The court set a progress report for January 30, 2020.

2

On January 30, Mitchell didn't appear in court. The court stated it had been "informed that the defendant has not been reporting since he was release[d] to [the] intensive outpatient program." Accordingly, the court issued a no-bail bench warrant.

About 18 months later, on July 25, 2021, deputies on patrol saw a motorcycle speed by. According to a probation officer's report, the motorcycle's rider—later identified as Mitchell— ran a stop sign and was weaving in and out of traffic lanes. Officers tried to stop Mitchell but he ignored their lights and siren. Mitchell continued to accelerate, then suddenly made a sharp turn across all lanes of traffic and rode into the desert. Eventually, Mitchell got off the motorcycle and "fled on foot." He threw items from his waistband onto the ground as he ran.

Deputies found Mitchell behind a tree. Mitchell told the officers he'd been drinking and had smoked methamphetamine about an hour before he rode his motorcycle. Officers found a baggie of methamphetamine on the ground.

The People charged Mitchell with felony evading and several misdemeanors, including driving under the influence of alcohol and a drug. (Case No. MA081739.) Based on that arrest and new filing, the court in Mitchell's drug case recalled and quashed the bench warrant.

On October 21, 2021, Mitchell entered into an agreement with the People to resolve both matters. Mitchell pleaded no contest to felony evading and misdemeanor driving under the influence. He again admitted his strike prior. In accordance with the parties' agreement, the court sentenced Mitchell to six years in the state prison for the evading (the high term doubled because of the strike), as well as six months on the misdemeanor, to be served concurrently with the felony.

3

On the drug case, the court sentenced Mitchell to six years in the state prison (the midterm of three years doubled because of the strike), to be served concurrently with the evading case.

**2.       *Proceedings in this court***

Mitchell filed a notice of appeal in both cases, and we appointed counsel to represent him on appeal. On December 6, 2021, the administrative presiding justice of this court ordered that Mitchell's appeal "is limited to issues that do not require a Certificate of Probable Cause." After examining the record, Mitchell's court-appointed counsel filed an opening brief stating he had reviewed the entire record and found no arguable issues to raise on appeal. Counsel asked this court independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel stated he had written to Mitchell to advise him he was filing a *Wende* brief and Mitchell had the right to file a supplemental brief. We also sent Mitchell a letter on March 23, 2022, telling him the same thing. The deadline of April 21, 2022 passed and we did not receive a supplemental brief from Mitchell.

On May 31, 2022, we received a one-paragraph handwritten letter from Mitchell. Mitchell stated his counsel had told him "to write a letter to the court of appeal letting them know that SB 567 ap[p]l[ie]s to me and I would like to have my hi[gh] term taken away." On June 9, 2022, we granted leave to file the letter. On June 21, 2022, we issued an order striking the *Wende* brief, vacating the submission of the case, and calling for briefing on what effect—if any—Senate Bill 567 may have on this appeal. The matter has now been fully briefed.

## DISCUSSION

Mitchell contends we should remand both of his cases for resentencing in light of Senate Bill 567 and Assembly Bill 124. Senate Bill 567 amended Penal Code section 1170, subdivision (b),[1] to limit the sentencing discretion of trial courts. (Stats. 2021, ch. 731, § 1.3; *People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1108 (*Zabelle*).) As amended, the statute generally requires a court to " 'order imposition of a sentence not to exceed the middle term,' " except where there are circumstances in aggravation of the crime and the defendant either has stipulated to the facts underlying those circumstances or a jury (or a judge in a court trial) has found them true beyond a reasonable doubt. (§ 1170, subd. (b)(2); *Zabelle*, at p. 1108.)[2]

Assembly Bill 124 amended section 1170, subdivision (b)(6) to require the imposition of the low term if any of the following "was a contributing factor in the commission of the offense": the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence"; the defendant was a youth (defined as anyone under the age of 26) when he or she committed the offense; or the defendant had been the "victim of intimate partner violence or human trafficking." (Stats. 2021, ch. 695, § 5.1; § 1170, subd. (b)(6)(A)-(C); § 1016.7, subd. (b).)

Courts have held, and the parties agree (as do we), that these amendments to section 1170, subdivision (b) apply

---

[1] References to statutes are to the Penal Code.

[2] A sentencing court also may consider the defendant's prior convictions based on a certified record of conviction without submitting those prior convictions to a jury. (§ 1170, subd. (b)(3).)

5

retroactively to cases not yet final, including Mitchell's. (*Zabelle*, *supra*, 80 Cal.App.5th at pp. 1108-1109; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 (*Flores*).) However, the Attorney General contends Mitchell is not entitled to relief because he agreed with the People to a negotiated plea and a stipulated sentence. So, the Attorney General argues, the trial court had no discretion to choose among the three possible terms, there was no sentencing choice now to be reconsidered, and the amendments to section 1170, subdivision (b) therefore do not apply.

Putting aside this argument for a moment, in Mitchell's drug case, the court *did* impose the middle term. The triad for a violation of Health and Safety Code section 11379, subdivision (a) is two, three, or four years. (Health & Saf. Code, § 11379, subd. (a).) Mitchell asserts Assembly Bill 124 also requires remand so he can "be allowed to present evidence of a factor that would mandate imposition of the lower term sentence." But Mitchell offers no hint—much less an offer of proof—of what that "evidence" might consist. Mitchell is not a youth: he was 51 when he committed the drug crime and 53 when he evaded the police. Nothing in the record— or in Mitchell's opening or reply briefs—suggests he has experienced psychological or physical trauma, or that he was a victim of human trafficking or intimate partner violence. (See § 1170, subd. (b)(6).) Accordingly, no remand is necessary on Mitchell's drug case.

As for Mitchell's evading case, in which the court imposed the upper term, the Attorney General's contention has merit. This case is remarkably similar to another recent case also named *Mitchell*: *People v. Mitchell* (2022) 83 Cal.App.5th 1051

6

(*Mitchell*), review granted Dec. 14, 2022, S277314. There, police arrested the defendant Sunee Mitchell for a number of crimes after she sped away from a police car, ran a red light, then drove toward and almost hit the police car. Her blood alcohol content (BAC), when tested, was more than twice the legal limit. Mitchell entered into a plea agreement with the prosecution. She pleaded no contest to reckless driving while evading an officer and to driving with a BAC of .08 percent or more. Mitchell also admitted a strike prior for robbery. (*Id.* at pp. 1054-1055.)

Mitchell and the prosecution agreed to a stipulated sentence of six years in prison, calculated as the upper term on the reckless driving charge, doubled because of the strike prior (the sentence for driving with a BAC over the limit to be served concurrently). (*Mitchell*, *supra*, 83 Cal.App.5th at p. 1055.)

Mitchell appealed, contending she was entitled to have her sentence reduced to the middle term of two years, doubled to four years based on the strike prior. The Attorney General agreed Senate Bill 567 applied retroactively to Mitchell but argued she was not entitled to relief because her sentence was stipulated to, and imposed in accordance with a plea agreement. (*Mitchell*, *supra*, 83 Cal.App.5th at p. 1056.) The appellate court agreed:

> "In the case where there is a stipulated plea like here, there is no occasion for the trial court to find any aggravating facts in order to justify the imposition of an upper term at sentencing. Appellant agreed to a term of six years pursuant to a stipulated plea and the trial court simply sentenced appellant according to the terms of the plea agreement. . . . The trial

court therefore did not exercise any discretion under former section 1170, subdivision (b) in selecting the lower, middle, or upper term. Further, in entering into the plea, appellant knowingly waived her rights to both a jury trial and court trial. Therefore, the concern raised in *Cunningham v. California* [(2007) 549 U.S. 270,] 293 that a defendant's Sixth Amendment rights are violated when aggravating facts to support an upper term sentence are not found by a *jury* beyond a reasonable doubt does not exist here." (*Id.* at p. 1059.)

The *Mitchell* court noted, "Senate Bill 567's legislative history supports our conclusion." (*Mitchell*, *supra*, 83 Cal.App.5th at p. 1059.) The court also drew a distinction between *People v. Brooks* (2020) 58 Cal.App.5th 1099 and *Flores*, *supra*, 73 Cal.App.5th 1032. (*Mitchell*, at pp. 1057-1058.) *Brooks* concerned section 1170.91, which mandates consideration of trauma resulting from military service as a mitigating factor when a court exercises determinate sentencing discretion. (*Brooks*, at pp. 1103-1104.) The *Brooks* court held that, while that statute applied retroactively to not-yet-final cases, relief was unavailable where the court had imposed a sentence under a stipulated plea agreement. (*Id.* at pp. 1106-1107.) The court stated,

> "When a court accepts a plea bargain, the court must impose a sentence within the limits of that bargain. . . . Thus, a court may not modify the terms of a plea agreement while otherwise leaving the agreement intact, 'nor may the

court effectively withdraw its approval by
later modifying the terms of the agreement
it had approved.' " (*Ibid.*)

"[A stipulated] plea agreement [gives] the court
no room to exercise discretion in the selection
of a low, middle or high term [under former
section 1170, subdivision (b)]." (*Id.* at p. 1109.)

In *Flores*, by contrast, the defendant—who was under age 26 at the time of the offense—had pleaded open to the court and the court had exercised its discretion in choosing the midterm. (*Flores*, *supra*, 73 Cal.App.5th at pp. 1035-1037.) The *Flores* court concluded the case should be remanded for the trial court to consider whether the defendant was entitled to be resentenced to the low term based on Senate Bill 567's addition of section 1170, subdivision (b)(6)(B). (*Flores*, at pp. 1038-1039.)

As noted, our Supreme Court has granted review in *Mitchell*. Pending the high court's decision in the case, it has stated the appellate court's opinion "may be cited" "for its persuasive value." (S277314.) Pending further guidance from our high court, we continue to agree with the reasoning and result in *Mitchell*. Here, as in *Mitchell*, Mitchell entered into a plea agreement with the prosecution and the parties stipulated to what the sentence would be. The trial court sentenced Mitchell in accordance with that agreement and stipulation. The court had no opportunity to exercise any discretion in choosing the upper, middle, or lower term. For that reason, Senate Bill 567 does not entitle Mitchell to relief. (Cf. *People v. Berdoll* (2022) 85 Cal.App.5th 159 [declining to remand for resentencing under Senate Bill 567 where defendant pleaded

9

to a number of counts of child pornography after court gave indicated sentence]; *People v. King* (2020) 52 Cal.App.5th 783, 786-787 [affirming denial of recall petition by veteran seeking relief under section 1170.91, subdivision (b); trial court would have no discretion on resentencing to depart from stipulated sentence].)

## DISPOSITION

We affirm the judgments.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, Acting P. J.

RICHARDSON (ANNE K.), J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.